[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15273
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

Agency No. A088-399-204

YULIA TITOVA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 30, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Yulia Titova, through counsel, petitions for review of the Board of Immigration Appeals' decision denying her motion to reopen her removal proceedings. The BIA had previously affirmed the Immigration Judge's order dismissing Titova's application for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture. See INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

Titova contends that the BIA abused its discretion in denying her motion to reopen by failing to consider: (1) the country conditions in Russia when it determined that the evidence submitted with her motion to reopen was previously available and did not corroborate her claims that she had been kidnapped and tortured because of her stepfather's political activities; (2) evidence that she had been kidnapped and assaulted by Russian officials as a result of her stepfather's political affiliations; and (3) the equities weighing in favor of granting her motion to reopen, such as her compliance with immigration law, her lengthy residence in the United States, her significant relationships within the United States, and the abuse she suffered in Russia.[1]

---

[1]Because Titova did not file a petition for review of the BIA's order affirming the IJ's denial of relief, we lack jurisdiction to review Titova's claim to the extent that she argues that the IJ and BIA erred in evaluating her initial petition for asylum. See Dakane v. U.S. Att'y Gen., 399

I.

We review the BIA's denial of a motion to reopen only for an abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). The BIA abuses its discretion when its decision is arbitrary or capricious. Id. A motion to reopen may be granted only if the alien presents to the BIA new evidence that is material and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.2(c)(1). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256–57 (11th Cir. 2009). Evidence is "new" if it "was unavailable or could not have been presented at [the applicant's initial removal] hearing." Verano-Velasco v. U.S. Att'y Gen., 456 F.3d 1372, 1377 (11th Cir. 2006).

The BIA did not abuse its discretion by denying Titova's motion to reopen her removal proceedings because none of the evidence she submitted with her motion corroborated her claim that her stepfather was politically active and that she was persecuted based on his political associations. Although Titova submitted evidence that her stepfather was to be extradited to Russia following his arrest on

F.3d 1269, 1272 & n.3 (11th Cir. 2005).

3

smuggling charges in Germany and that the Russian government, in general, has falsely charged political figures with similar crimes, such evidence did not show that the charges against her stepfather were politically motivated.

The BIA did not err by failing to consider country conditions because it reasonably concluded that Titova's additional evidence concerning corruption in Russia was substantially similar to evidence that she had previously submitted with her application for asylum. She has failed to explain how this evidence "would likely change the result in the case." Jiang, 568 F.3d at 1256–57.

Although Titova submitted medical records indicating that she was treated at a Russian hospital following a kidnapping and assault, which resulted in a miscarriage, the BIA did not abuse its discretion in concluding that those medical records were not previously unavailable. Furthermore, Titova's medical records failed to corroborate her claim that she was kidnapped and assaulted by Russian officials as a result of her stepfather's political activities.

Titova further argues that the BIA erred in denying her motion to reopen because it failed to consider the equities that weighed in favor of granting her motion. Because the BIA concluded that Titova had failed to submit material evidence that was previously unavailable and was likely to affect the result of her

application for asylum, the Board was not required to balance the equities to determine whether she was entitled to discretionary relief.

**PETITION DENIED.**